Georgia Otella DISMUKE,
Plaintiff-Appellant,

v.

CITY OF SIKESTON, a municipality,
Defendant-Respondent.

No. 12007.

Missouri Court of Appeals,
Southern District,
Division Three.

April 1, 1981.

Stephen L. Taylor, Gilmore, Gilmore & Taylor, Sikeston, Francis J. Siebert, Scott City, for plaintiff-appellant.

Albert C. Lowes and Thomas A. Ludwig, Buerkle, Lowes & Beeson, Jackson, for defendant-respondent.

PREWITT, Judge.

Plaintiff sought damages from defendant, a city of the third class, for injuries received when she fell on a sidewalk. Summary judgment was granted against plaintiff because she did not properly serve upon defendant's mayor the notice required by § 77.600, RSMo 1978.

Appellant does not question the constitutionality of § 77.600. Similar statutes have been recently questioned in other jurisdictions. See *Herman v. Magnuson,* 277 N.W.2d 445, 452–454 (N.D.1979); ANNOTATION "MODERN STATUS OF THE LAW AS TO VALIDITY OF STATUTES OR ORDINANCES REQUIRING NOTICE OF TORT CLAIM AGAINST LOCAL GOVERNMENTAL ENTITY", 59 A.L.R.3d 93 (1974).

Defendant has adopted the city manager form of government. §§ 78.430–.640, RSMo 1978. Section 77.600 applies after that adoption unless it is "inconsistent" with the statutory sections providing for that form of government. § 78.440, RSMo 1978. We do not think it is inconsistent. Under the city manager form of government there is a mayor who has certain specified duties. § 78.560, RSMo 1978. There is no provision allowing for or requiring service of notices upon the city manager that might otherwise be served upon the mayor.

Substantial compliance with the requirements of § 77.600 is a condition precedent to the right to maintain suit. *Quinn v. Graham,* 428 S.W.2d 178, 182 (Mo. App.1968). The notice is required regardless of other sources and means of information possessed by the city. Id. Appellant admits that she did not literally comply with the statute but contends that service of the petition upon the city manager within 90 days of the occurrence was sufficient. The petition may have been a sufficient notice if it had been served on the mayor. See *Frogge v. Nyquist Plumbing and Ditching Company,* 453 S.W.2d 913, 915 (Mo. banc 1970); *Quinn v. Graham,* supra, 428 S.W.2d at 181. In *Frogge,* service of suit upon the city clerk was held to be insufficient notice. Appellant contends, citing *Quinn,* that receipt of the notice "is a mere administrative detail" which the mayor can authorize another to perform. She claims that as the city manager is the "administrative head of the government" under § 78.610, RSMo 1978, he is "expressly designated, by statute, to receive the necessary notice of suit." Section 77.600, RSMo 1978, specifically requires service upon the mayor. The general reference to the city manager being the administrative head of government cannot change that specific requirement. A specific statute prevails over a general one. *State ex rel. Fort Zumwalt School District v. Dickherber,* 576 S.W.2d 532, 536 (Mo. banc 1979).

Other than the statutory contention, there is no claim here that the mayor had designated the city manager as her agent upon whom such notices could be served. Plaintiff did not comply with § 77.600; and while the wisdom of the statute can be questioned, it is our duty to follow it.

The jdugment is affirmed.

All concur.