Dear Mr. Holt:
You have requested an official opinion of this office on the following questions:
 Must the Ellis Fischel State Cancer Center, established under Chapter 200, RSMo Supp. 1982, competitively bid pursuant to the terms of Chapter 34, RSMo a contract for cancer treatment, cancer research, or cancer medical education when it wishes to contract with the institution with which it is affiliated pursuant to the terms of . . . [Section] 200.081, RSMo Supp. 1982 or may it enter such contracts directly with the affiliated institution without a competitive bid when the affiliation agreement which created the affiliation permits and requires subserving contracts having the purpose of promoting a coordinated approach to cancer treatment, research, and medical education?
 If the answer to the above question is yes, would it be sufficient to state in the affiliation agreement that the affiliated institution is the official research arm of the Cancer Center and shall be eligible for direct contractual agreements for the purpose of conducting research or other projects?
Section 34.030, RSMo 1978,[1] states:
 The commissioner of administration shall purchase all supplies for all departments of the state, except as in this chapter otherwise provided. The commissioner of administration shall negotiate all leases and purchase all lands, except for such departments as derive their power to acquire lands from the constitution of the state. [Emphasis added.]
Section 34.040 requires purchases to be based on competitive bids.
Section 200.071, as enacted by Senate Committee Substitute for House Bill No. 549 (First Regular Session, 82nd General Assembly) (hereinafter sometimes referred to as "H.B. 549"), states:
 The state cancer center shall be exempt from all provisions of chapter 34, RSMo. The state cancer commission shall establish procurement and purchasing procedures for the center which assures [sic] that all purchases are at reasonable prices and that competitive procurement practices are followed, except that purchases may be made without compliance with competitive practices in cases where patient well-being would be prejudiced by delay. . . . Provided, however, that the state cancer center shall be entitled to use the purchasing provisions of chapter 34, RSMo, and the offices of the office of administration and division of purchasing for any purchase where the state cancer center deems it advantageous. [Emphasis added.]
The plain meaning of the "except as in this chapter otherwise provided" language in Section 34.030 is that all exceptions to the State Purchasing Law are to be codified in Chapter 34, RSMo.[2]
Thus, the issue central to the resolution of your request is whether H.B. 549 is effective as an amendment to Section 34.030
for purposes of the Ellis Fischel State Cancer Center.
Generally, when a law is amended, the amendment is set forth in full as if it were an original act. See, Article III, Section28, Missouri Constitution. H.B. 549 does not expressly provide for the repeal and reenactment of Section 34.030. Amendments by implication, however, are not prohibited. State ex rel. Maguire v. Draper, 47 Mo. 29, 32 (1870); Shott v. Continental Auto Insurance Underwriters, 31 S.W.2d 7 (Mo. 1930); Dorres Motor Car Co. v. Colburn, 270 S.W. 339 (Mo. banc 1925).
As stated in 1A Sutherland, Statutes and Statutory Construction, Section 22.13 (C. Sands, 4th ed. 1972) (footnotes omitted):
 An implied amendment is an act which purports to be independent of, but which in substance alters, modifies, or adds to a prior act. To be effective, an amendment of a prior act ordinarily must be express. Amendments by implication, like repeals by implication, are not favored and will not be upheld in doubtful cases. The legislature will not be held to have changed a law it did not have under consideration while enacting a later law, unless the terms of the subsequent act are so inconsistent with the provisions of the prior law that they cannot stand together. [Emphasis added.]
It is our opinion that Section 34.030 and Section 200.071, H.B. 549, are inconsistent and cannot be harmonized. Therefore, because H.B. 549 clearly considers Chapter 34 in its express language, it is our opinion that H.B. 549 carves an exception to Chapter 34 and that the State Cancer Center is exempt from the provisions of Section 34.030.
The rules of statutory construction compel this result. When one statute deals with a subject in a general manner (Chapter 34) and another, later enacted statute deals with the same subject in a specific way (H.B. 549), the specific statute is deemed an exception or qualification to the general statute. City of Raytown v. Danforth, 560 S.W.2d 846 (Mo. banc 1977); State v. Bey,599 S.W.2d 243 (Mo.App. 1980); Dover v. Stanley, 652 S.W.2d 258
(Mo.App. 1983).
Section 200.071, H.B. 549, states in part: "The state cancer commission shall establish procurement and purchasing procedures for the cancer center which assures [sic] that all purchases are at reasonable prices and that competitive procurement practices are followed, . . ." [Emphasis added.] The words "all purchases" in Section 200.071, H.B. 549, are not defined by the General Assembly. In construing the words "[a]ll contracts and purchases" in predecessors of the county purchasing statute, Section 50.660, RSMo Supp. 1982, the courts have indicated that competitive bidding should not be required where the contract in question is outside the competitive field or is not competitive by nature.
In Layne-Western Co. v. Buchanan County, 85 F.2d 343, 346-347
(8th Cir. 1936), the court stated:
 The requirement of competitive bidding is always subject to the qualification that the contract must be naturally competitive. A contract for professional services does not for that reason come within the requirements of such a statute. . . . [citation omitted]. The same is true of a contract which is of such character that the contractor is the only person who can enter into it. . . .
In our Opinion Letter 22, Muckler, 1980, we interpreted Chapter 34 to require competitive bidding for professional services other than physicians, attorneys and expert witnesses. This opinion recognized a clearly articulated policy of the General Assembly to require competitive bidding prior to an award of a state contract except in the most unusual circumstances.
Section 200.081, RSMo Supp. 1982, states:
 The state cancer center may establish affiliation agreements between the center, other institutions, and research facilities for promoting a coordinated approach to cancer treatment, research, and medical education.
Affiliation agreements for cancer treatment, cancer research, and cancer medical education establish an ongoing, coordinated relationship between the contracting institutions and provide for the exchange of professional, physician-related services. Such agreements are not of a competitive nature, necessarily involve the services of physicians and are not subject to competitive bid pursuant to Section 200.071, H.B. 549.
In answer to your second question, we believe that there must be an affirmative finding by the Commission that the subject of contracts entered pursuant to an affiliation agreement are of a noncompetitive nature; such language must be incorporated into the such contracts. Our rationale is simple: Direct purchases for noncompetitive, physician-related services are a limited exception to the General Assembly's general rule that the Cancer Center engage in competitive bidding. The exception should be invoked only after a clear finding by the Commission that the subject matter of the contract is unequivocally noncompetitive and physician-related.
CONCLUSION
It is the opinion of this office that direct purchases by the Ellis Fischel State Cancer Center are not subject to Chapter 34, RSMo.
The foregoing opinion, which I hereby approve, was prepared by my assistants, Phillip K. Gebhardt and William Cornwell.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] All statutory references are to RSMo 1978, unless otherwise indicated.
[2] Section 34.030 originated as Section 2 of S.B. 192, 1933 Mo. Laws 410, 411. Section 2 of S.B. 192 uses the words "except as in this Act otherwise provided." Substantially the same wording was used in the reenactment of this law located at S.C.S.S.B. 297, 1945 Mo. Laws 1428 (Section 64). The first use of the word "chapter" instead of the word "act" by the Revisor of Statutes appears to be codified at Section 14590, RSMo 1939.