**Alberta J. WALCK,**
**Plaintiff–Respondent,**

v.

**Harding W. NOSSER, Jr.,**
**Defendant–Appellant.**

**No. 54655.**

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 28, 1989.

John A. Mathewson, Patricia A. Hart, St. Louis, for defendant-appellant.

David R. Human, Clayton, for plaintiff-respondent.

GRIMM, Presiding Judge.

In this jury tried case, defendant appeals from the judgment entered against him for fraudulent misrepresentation in the sale of an automobile. We affirm.

Defendant raises three points of error. First, the trial court erred in giving a punitive damage instruction, because punitive damages are not recoverable on an odometer fraud claim brought pursuant to § 407.511 et seq., RSMo 1986. Since the case was submitted under a common law fraud count rather than the statutory count, there was no error. Second, the trial court erred in giving the punitive damage instruction, because the instruction improperly defined malice. We decline to review this point, because it was not properly preserved. Third, the trial court erred in giving the verdict director based on MAI 23.05, because plaintiff did not present substantial evidence to support a finding that defendant knew his representations regarding the odometer were false. We disagree, because substantial evidence was presented to support such a finding.

Defendant owns and operates a full service gasoline station. He is authorized by the State to perform vehicle inspections. Defendant purchased a 1979 Pontiac Trans Am for his wife from a repossession firm. A vehicle condition report prepared by the firm on December 21, 1983, listed an odometer reading of 82,923 miles. Defendant was given a certificate of title dated February 27, 1984. The space for the odometer reading was blank; defendant filled it in with 52,968.

Defendant made numerous repairs on the Trans Am. In July, 1984, defendant showed the Trans Am to plaintiff's teenage son, who was shopping for a car. Plaintiff's son noticed that the odometer read "41,000 something." Defendant told plaintiff's son that this was the original mileage.

A few days later, defendant telephoned plaintiff. He told her that the car had 41,000 miles on it. Plaintiff told defendant that she and her son were interested in purchasing the car.

On Friday, July 20, defendant met plaintiff and her son at a bank. There, plaintiff and her son drove the Trans Am around the bank parking lot. She recalled that the odometer read 41,951.

A bank employee filled out the papers necessary for plaintiff to obtain a loan on the car. While preparing the title application, the bank employee asked how many miles were on the vehicle. Defendant replied that the vehicle had 41,951 miles.

Immediately after the sale, defendant gave plaintiff's son an inspection certificate for the Trans Am. The certificate, dated June 21, 1984, was signed by defendant. It reflected an odometer reading of 52,968. Plaintiff's son did not read the certificate at that time.

The following day, plaintiff's son found another inspection certificate in the Trans Am. The certificate, also signed by defendant, was dated March 31, 1984, and listed the vehicle's odometer reading as 42,926.

The next day, when plaintiff's son became concerned because the odometer was not operating properly, he showed plaintiff the certificate he had found. At that time, the odometer read 41,011.

About August 5, plaintiff obtained the vehicle's title history. Each odometer statement in the title history, beginning in 1982, listed mileage higher than 41,951.

On August 10, plaintiff and her son approached defendant with the information they had obtained. Plaintiff asked defendant to take the car back and return her money. Defendant refused, but he offered to have the odometer calibrated with the correct mileage.

Plaintiff sued defendant alleging statutory odometer fraud in count one and common law fraud in count two. At trial, both plaintiff's expert and defendant's expert testified that the vehicle's odometer had been tampered with by dislodging and forcing back the ten thousands wheel. The jury returned a verdict in favor of plaintiff, awarding $10,000 actual damages and $15,000 punitive damages.

■ In his first point, defendant contends that the trial court erred in giving the jury a punitive damage instruction. Defendant argues that punitive damages are not recoverable on an odometer fraud claim brought pursuant to § 407.511 et seq.

We agree that a punitive damage instruction would have been improper if plaintiff had elected to proceed on the odometer fraud count. *Dover v. Stanley*, 652 S.W.2d 258, 261–262 (Mo.App.W.D.1983); § 407.546, RSMo 1986. Although in his brief defendant argues that the trial court gave instructions based on the statutory odometer fraud count, plaintiff says the instruction was based on the common law fraud count.

The legal file does not contain any motion to elect or motion to dismiss filed at the conclusion of the evidence. At the instruction conference, defendant did not object to plaintiff's verdict directing instruction. Nothing in defendant's motion for new trial alleges that the verdict directing instruction was based on statutory odometer fraud instead of common law fraud. It is doubtful that defendant has preserved his point for review.

Regardless, plaintiff specifically pled punitive damages and the necessary elements of a common law fraud claim in count two. *Heitman v. Brown Group, Inc.*, 638 S.W.2d 316, 319 (Mo.App.E.D.1982). Since plaintiff elected to proceed on her common law fraud claim, the punitive damage issue

was properly submitted to the jury. *Gollwitzer v. Theodoro*, 675 S.W.2d 109, 111 (Mo.App.E.D.1984). Point denied.

■ In his second point, defendant alleges that the trial court erred in submitting the punitive damage instruction, because the instruction improperly defined malice. This issue was not raised at the instruction conference or in defendant's motion for new trial.

At oral argument, defendant's counsel asserted that this issue was presented to the trial court. Counsel directed us to the order overruling defendant's new trial motion. There, the trial court noted that "In argument, Defendant specifically cites *Stewart v. K–Mart*, [747 S.W.2d 205 (Mo. App.E.D.1988)] in support of Defendant's motion." Argument on defendant's new trial motion was heard 22 days after the motion was filed.

To preserve allegations of error for appellate review in jury-tried cases, the allegations "must be included in a motion for new trial." Rule 78.07. Although there are exceptions set forth in the rule, none apply here. Since this instructional issue was not included in defendant's motion for new trial and was raised for the first time at oral argument on the motion, it was not preserved for our review. *Houston v. Teter*, 705 S.W.2d 64, 66–67 (Mo.App.E.D. 1985). Defendant's second point is denied.

In his final point, defendant asserts that the trial court erred in giving a verdict director based on MAI 23.05. Defendant contends that plaintiff did not present substantial evidence to support a finding that defendant knew his representations regarding the odometer were false. In determining whether substantial evidence supported the instruction, we view the evidence, along with all reasonable inferences drawn therefrom, in the light most favorable to plaintiff. *Mo. Hwy. & Transp. Comm'n. v. Mauer*, 728 S.W.2d 722, 725 (Mo.App.E.D. 1987).

■ Defendant was given a certificate of title dated February 27, 1984. The space for the odometer reading was blank; defen-

dant filled it in with 52,968. About three weeks later, defendant prepared an inspection certificate, and listed the vehicle's odometer reading as 42,926. Approximately three months later, on June 21, 1984, defendant recorded an odometer reading of 52,968 on an inspection certificate. The following month, defendant represented to plaintiff that the vehicle had 41,951 miles.

This evidence was sufficient to support a finding that defendant knew his representations regarding the vehicle's odometer were false. The trial court did not err in giving the challenged instruction.

The JUDGMENT IS AFFIRMED.

SMITH and GARY M. GAERTNER, JJ., concur.