STATE of Missouri ex rel. William L.
WEBSTER, Attorney
General, Appellant,

v.

Kyle MYERS, Respondent.

No. WD 41613.

Missouri Court of Appeals,
Western District.

Sept. 5, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 31, 1989.

As Modified Oct. 31, 1989.

287

William L. Webster, Atty. Gen., Jefferson City, John J. Oldenburg, Jr., Asst. Atty. Gen., Kansas City, for appellant.

Richard T. Brewster, Jr., Kansas City, for respondent.

Before NUGENT, P.J., and CLARK and FENNER, JJ.

FENNER, Judge.

Appellant, State of Missouri, appeals the order of the trial court sustaining respondent Myers' motion to dismiss. The State's underlying cause of action was filed pursuant to Section 407.100 [1] of the Missouri Merchandising Practices Act.

The State's petition alleged that Myers engaged in violations of § 407.020 by offering for sale and selling used motor vehicles and in connection therewith, misrepresenting and falsely stating the actual mileage of such used motor vehicles. Specifically the petition made allegations as to the sale of seven different vehicles, with the following dates of sale: February 9, 1984; February 14, 1984; February 22, 1984; April 26, 1984; July 11, 1984; July 14, 1984 and July 25, 1984.

Myers filed a motion to dismiss which was sustained by the trial court.

The first issue addressed herein is whether the State's action filed pursuant to § 407.100 for violations of § 407.020, was preempted by §§ 407.511 through 407.556. Chapter 407, RSMo 1986, is known as the Merchandising Practices Act. Sections 407.100 and 407.020 are general sections relating to unlawful merchandising practices. Sections 407.511 through 407.556 relate specifically to the altering of motor vehicle odometers.

In regard to the first issue the State argues that §§ 407.100 and 407.020 are not preempted by §§ 407.511 through 407.556. It is the State's position that §§ 407.511 through 407.556 are not exclusive in regard to odometer fraud, but that they are cumulative to the general provisions of Chapter 407. Myers argues that *Dover v. Stanley*, 652 S.W.2d 258 (Mo.App.1983), is directly on point.

*Dover* was decided on May 10, 1983. The court in *Dover* at 264, held that claims relating to unlawful practices stemming from or based upon motor vehicle odometers are limited to and must be pursued in conformity with § 407.510 through § 407.556, RSMo 1978, the sections of the Merchandising Practices Act dealing specifically with motor vehicle odometers, and not upon the general provisions of § 407.020, RSMo 1978. The court cited *Dismuke v. City of Sikeston*, 614 S.W.2d 765, 766 (Mo.App.1981), for the proposition that where a specific statute and a general statute dealing with the same subject exist, the specific statute prevails over the general statute. *Dover v. Stanley*, 652 S.W.2d at 263.

At the time of the decision in *Dover*, § 407.550, RSMo 1978, provided in its entirety, as follows:

"The attorney general or any prosecuting attorney of this state may bring an action in any circuit court for injunctive relief to restrain any violation of sections 407.510 to 407.555."

Effective January 1, 1984, subsequent to the court's decision in *Dover*, § 407.550, RSMo 1978, was repealed and replaced with what is now § 407.551, which provides as follows:

"1. The attorney general or any prosecuting attorney of this state may bring an action in any circuit court for injunctive relief to restrain any violations of sections 407.511 to 407.556.

2. Notwithstanding any other provision of chapter 536, RSMo, or any other provision of law to the contrary, the attorney general or prosecuting attorney may after notice amend any such action to seek the revocation or suspension of any license issued by the department of revenue pursuant to chapter 301, RSMo. The decision of the circuit court to revoke or suspend a license may be appealed as in any other civil matter.

3. *The remedies available in this section are cumulative and in addition*

---

1. All statutory references are to RSMo 1986 unless otherwise specifically stated.

*to any other remedies available."* (Emphasis added.)

It is significant to the case at bar that § 407.551, effective January 1, 1984, renders the holding in *Dover* inapplicable herein. Contrary to the statutory authority at the time of the decision in *Dover*, the remedies provided by §§ 407.511 through 407.-556 are and have been, since the enactment of § 407.551, effective January 1, 1984, cumulative and in addition to any other remedies available. Section 407.551.3. Therefore, an action for injunctive relief and restitution under the general provisions of § 407.100 of the Merchandising Practices Act has not been preempted by the provisions of §§ 407.511 through 407.556 since January 1, 1984.

The second issue addressed in this appeal is whether or not the state's cause of action pursuant to § 407.100 is an invalid retrospective application of the law to acts which occurred in 1984.

Section 407.100 was amended effective May 31, 1985, to provide as follows:

1. Whenever it appears to the attorney general that a person has engaged in, is engaging in, or is about to engage in any method, act, use, practice or solicitation, or any combination thereto, declared to be unlawful by this chapter, he may seek and *obtain, in an action in a circuit court, an injunction* prohibiting such person from continuing such methods, acts, uses, practices, or solicitations, or any combination thereof, or engaging therein, or doing anything in furtherance thereof.

2. In any action under subsection 1 of this section, and pursuant to the provisions of the Missouri Rules of Civil Procedure, the attorney general may seek and obtain temporary restraining orders, preliminary injunctions, temporary receivers, and the sequestering of any funds or accounts if the court finds that funds or property may be hidden or removed from this state or that such orders or injunctions are otherwise necessary.

3. If the court finds that the person has engaged in, is engaging in, or is about to engage in any method, act, use, practice or soliciation, or any combination thereof, declared to be unlawful by this chapter, it may make such orders or judgments as may be necessary to prevent such person from employing or continuing to employ, or to prevent the recurrence of, any prohibited methods, acts, uses, practices or solicitations, or any combination thereof, declared to be unlawful by this chapter.

4. *The court, in its discretion, may enter an order of restitution,* payable to the state, as may be necessary to restore to any person who has suffered any ascertainable loss, including, but not limited to, any moneys or property, real or personal, which may have been acquired by means of any method, act, use, practice or solicitation, or any combination thereof, declared to be unlawful by this chapter. It shall be the duty of the attorney general to distribute such funds to those persons injured.

5. The court, in its discretion, may appoint a receiver to insure the conformance to any orders issued under subsection 3 of this section or to insure the payment of any damages ordered under subsection 4 of this section.

6. The court may award to the state a civil penalty of not more than one thousand dollars per violation; except that, if the person who would be liable for such penalty shows, by a preponderance of the evidence, that a violation resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid the error, no civil penalties shall be imposed.

7. Any action under this section may be brought in the county in which the defendant resides, in which the violation alleged to have been committed occurred, or in which the defendant has his principal place of business.

8. The attorney general is authorized to enter into consent judgments or consent injunctions with or without admissions of violations of this chapter. Violation of any such consent judgment or consent injunction shall be treated as a

violation under section 407.110. (Emphasis added.)

Prior to its amendment in 1985, § 407.100, RSMo 1978, provided as follows:

Whenever it appears to the attorney general that a person has engaged in or is engaging in any method, act, or practice declared to be unlawful by sections 407.010 to 407.130, he may, after notice to such person, if such notice can be given in the manner provided in section 407.040, seek and obtain in an action in a circuit court *an injunction* prohibiting such person from continuing such methods, acts, or practices or engaging therein or doing anything in furtherance thereof. The notice shall state generally the relief sought and be served in accordance with section 407.050 at least three days prior to the institution of such action. If the court finds that the person has engaged in or is engaging is any method, act, or practice declared to be unlawful by sections 407.010 to 407.130, *it may make such orders* or judgments as may be necessary, including but not limited to the appointment of a receiver to prevent the use of employment by such person of any prohibited methods, acts, or practices, or *which may be necessary to restore to any person who has suffered any ascertainable loss* by reason of the use of employment of such prohibited methods, acts, or practices any moneys or property, real or personal, which may have been acquired by means of any method, act, or practice in sections 407.010 to 407.130 declared to be unlawful. (Emphasis added.)

The state initially sought civil penalties pursuant to § 407.100 and an award for the cost of investigation and prosecution of its action, pursuant to § 407.130. However, the State acknowledged that the allowance of such penalties and awards would require a retrospective application of §§ 407.100 and 407.130 and abandoned those claims. Having abandoned those claims the State's petition asked for a permanent injunction and restitution in accordance with § 407.100.

Article I, Section 13 of the Constitution of Missouri, provides that no law retrospective in its operation can be enacted. The term "retrospective" as used in this section of the Constitution refers exclusively to laws related to civil rights and remedies. *State v. Thomaston,* 726 S.W.2d 448, 459 (Mo.App.1987). There is no prohibition against the passage of laws which might be "retroactive", but not "retrospective." *Id.* at 460. The distinguishing feature that has developed in our laws is that when a law makes only a procedural change, it is not "retrospective" and hence can be applied "retroactively". *Id.* at 460. A law is procedural only and not retrospective, although it is retroactive, if it does not affect a substantive right of a party. *Id.* at 460. "The constitutional inhibition against laws retrospective in operation ... does not mean that no statute relating to past transactions can .be constitutionally passed, but rather, that none can be allowed to operate retrospectively so as to effect such past transactions to the substantial prejudice of parties interested." *Fisher v. Reorganized School District No. R–V of Grundy County,* 567 S.W.2d 647, 649 (Mo. banc 1978).

Respondent's substantive rights are not effected by the State's action herein under § 407.100 for acts occurring in 1984, because the State is only pursuing the substantive relief to which it was entitled under the law in effect in 1984, as provided under § 407.100, RSMo 1978. The State has abandoned its claims for substantive relief to which it was not entitled under the provisions of § 407.100, RSMo 1978. The procedural changes within § 407.100, in regard to injunctive relief and restitution are retroactive but not retrospective.

The third and final issue addressed herein is whether or not the State's action is barred by the applicable statute of limitations. The State's action was filed on February 3, 1987, pertaining to transactions alleged to have been entered into during the period of February 9, 1984, through July 25, 1984.

Where a statute is both remedial and penal, remedial in one part while penal

in another, it should be considered a remedial statute when enforcement of the remedy is sought and penal when enforcement of the penalty is sought. *City of St. Louis v. Carpenter*, 341 S.W.2d 786, 788 (Mo. 1961). Statutes enacted for the protection of life and property, or which introduce some new regulation conducive to the public good, are considered remedial in nature and are generally given a liberal construction. *Id.*

Section 407.100 is remedial as it relates to restitution and injunctive relief. *See, State ex rel. Ashcroft v. Wahl*, 600 S.W.2d 175, 180–81 (Mo.App.1980). Given that the remedies sought in the case at bar are remedial, the applicable statute of limitations is § 516.130(2). Therefore, the State's action for restitution and injunctive relief must be brought within three years after the action accrues, as defined in § 516.100. The State is within this period of limitation.

The judgment of the trial court dismissing appellant's cause of action is reversed and this cause is remanded for proceedings consistent with this opinion allowing the State to pursue its claims for injunctive relief and restitution.

All concur.