**Billy Joe BELLAMY, Appellant,**

v.

**STATE of Missouri, Respondent.**

### WD 79643

Missouri Court of Appeals,
Western District.

Filed: August 8, 2017

---

Damien S. De Loyola, Kansas City for appellant.

Nathan J. Aquino, Jefferson City for respondent.

Before Division Four: Mark D. Pfeiffer, Chief Judge, Presiding, Lisa White Hardwick and Cynthia L. Martin, Judges

Lisa White Hardwick, Judge

Billy Jo Bellamy appeals from the denial of his Rule 24.035 motion for post-conviction relief, following his guilty pleas on charges of first-degree burglary, theft, and money laundering. Bellamy contends the motion court clearly erred in denying relief on his claim that the sentencing court exceeded its authority when it sentenced him to a term of imprisonment and restitution. For reasons explained herein, we reverse and modify the judgment in part by removing the order of restitution.

## FACTUAL AND PROCEDURAL HISTORY

On March 30, 2011, Bellamy broke into a home in Saline County and stole $25,000 in gold and platinum coins. Bellamy sold the coins to a third party, who paid him by issuing a check. Bellamy then cashed the check at a bank. Bellamy pleaded guilty on July 8, 2014, to first-degree burglary, theft of property worth $25,000 or more, and money laundering. The court sentenced him to concurrent terms of 20 years on each of the charges and ordered him to pay $100,000 in restitution.

Bellamy filed a *pro se* Rule 24.035 motion for post-conviction relief, and his appointed counsel timely filed an amended motion. One of his claims in his amended motion was that the sentencing court exceeded its authority when it sentenced him to a term of imprisonment and ordered him to pay restitution. The motion court denied Bellamy's motion without an evidentiary hearing. Bellamy appeals.

## STANDARD OF REVIEW

■ We review the denial of a post-conviction motion for clear error. Rule 24.035(k). The motion court's findings and conclusions "are clearly erroneous only if,

after a review of the entire record, the appellate court is left with the definite impression that a mistake has been made." *Dobbins v. State*, 187 S.W.3d 865, 866 (Mo. banc 2006) (citation omitted).

## ANALYSIS

■ In Point I, Bellamy contends the motion court clearly erred in denying his claim that the sentencing court exceeded its authority when it required him to serve a term of imprisonment and to pay restitution. Bellamy asserts that, when he committed the offenses, it was not permissible to order a defendant both to serve a prison term and to pay restitution.

Bellamy's crimes occurred in March 2011. At that time, courts were allowed to order a defendant convicted of a felony to pay restitution as a condition of probation or parole. §§ 557.011.2, 559.021.2, 559.100.2.[1] Courts, however, "lacked the authority to sentence a defendant convicted of a felony to serve a term of imprisonment, and simultaneously order the defendant to pay restitution." *State v. Schnelle*, 398 S.W.3d 37, 47 (Mo. App. 2013). *See also Zarhouni v. State*, 313 S.W.3d 713, 715 (Mo. App. 2010); *State v. Roddy*, 998 S.W.2d 562, 565 (Mo. App. 1999).

■ This changed in 2013, when the legislature amended Section 559.105.1 to provide that "[a]ny person who has been found guilty of or has pled guilty to an offense may be ordered by the court to make restitution." The amended version of Section 559.105, which became effective on August 28, 2013, "repeal[ed] the prior prohibition against requiring a prisoner both to serve a prison term and to pay restitution." *State ex rel. Strauser v. Martinez*, 416 S.W.3d 798, 805 (Mo. banc 2014) (Fischer, J., concurring). As Bellamy was

---

1. All statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2013 Cumulative Supplement, unless otherwise indicated.

sentenced in July 2014, the law in effect at the time of his sentencing permitted courts to sentence a defendant to a prison term and to order him to pay restitution.

■ When a statute increases the punishment for a crime after it has been committed and before the defendant has been sentenced, it raises ex post facto concerns. Ex post facto laws are prohibited under both the United States and Missouri Constitutions. U.S. CONST. art. I, § 9, cl. 3, and art. I, § 10 cl. 1; MO. CONST. art. I, § 13. "An ex post facto law is a law that provides for punishment for an act that was not punishable when it was committed or that imposes an additional punishment to that in effect at the time the act was committed." *State v. Harris*, 414 S.W.3d 447, 449-50 (Mo. banc 2013) (citation omitted). Section 559.105 is an ex post facto law as applied to Bellamy if: "(1) it applies to conduct completed before the statute's enactment, and (2) it increases the penalty for the crime beyond what the law provided when he acted." *Id.* at 450. "[A] statute does not impose ex post facto penalties unless enacted for a punitive purpose."

*Davis v. Kempker*, 167 S.W.3d 721, 729 (Mo. App. 2005).

It is undisputed that, when the sentencing court ordered Bellamy to pay restitution, it applied the 2013 version of Section 559.105 to conduct that Bellamy had completed in 2011. Thus, the dispositive issue is whether the restitution order increased the penalty beyond what the law provided when Bellamy committed his crimes. No Missouri case has previously addressed whether a restitution order pursuant to Section 559.105 constitutes additional punishment for ex post facto clause purposes.[2]

Federal courts and other state courts, however, have addressed ex post facto clause implications in similar contexts. For example, federal courts have addressed the ex post facto clause implications of applying the Mandatory Victims Restitution Act of 1996 ("MVRA") to crimes committed before its enactment. At the time of its enactment, the MVRA differed from a prior federal restitution statute in that the MVRA made restitution mandatory for certain crimes, requiring the court to order restitution in the full amount of the

---

2. We recognize that article V, section 3 of the Missouri Constitution vests the Supreme Court with exclusive appellate jurisdiction in all cases involving the validity of a statute. The Supreme Court has stated that its "exclusive jurisdiction is invoked when a party asserts that a state statute directly violates the constitution either facially or as applied." *McNeal v. McNeal-Sydnor*, 472 S.W.3d 194, 195 (Mo. banc 2015). In his points relied on and in his initial brief, Bellamy did not assert that the 2013 version of Section 559.105 directly violated the ex post facto clause either facially or as applied. Rather, he argued only that the court misapplied the law in applying the 2013 version because it was not in effect at the time of his crime. In determining which version of Section 559.105 applies, however, we must necessarily consider whether the application of the 2013 version violates the ex post facto clause because an enhanced penalty that violates the ex post facto clause "works a manifest injustice." *State v. Griffin*,

172 S.W.3d 861, 865 (Mo. App. 2005). To do so, we apply the Supreme Court's well-established ex post facto analysis, which is to determine whether the statute applies to conduct completed before the statute's enactment and whether the statute increases the penalty for the crime beyond what the law provided when the defendant acted. *State v. Harris*, 414 S.W.3d 447, 450 (Mo. banc 2013). This has been the approach taken by intermediate appellate courts when the ex post facto issue indirectly arose in a case, *see, e.g., State v. White*, 247 S.W.3d 557, 564-65 (Mo. App. 2007), and when the ex post facto issue was unpreserved and entitled only to plain error review, *see Griffin*, 172 S.W.3d at 864-65, and *State v. Heckenlively*, 83 S.W.3d 560, 568 (Mo. App. 2002). *See also Mo. Real Estate Comm'n v. Rayford*, 307 S.W.3d 686 (Mo. App. 2010) (applying the Supreme Court's well-established retrospective analysis to determine that the retroactive application of a statute was unconstitutional).

victim's losses and prohibiting the court from considering the defendant's ability to pay. 18 U.S.C. § 3664(f)(1)(A). In determining the applicability of the MVRA to offenses committed before the date it was enacted, a majority of federal circuits concluded that the application of the MVRA to those offenses violates the ex post facto clause because "restitution imposed as part of a defendant's sentence is criminal punishment, not a civil sanction, and the shift from discretionary to mandatory restitution increases the punishment meted out to a particular defendant." *United States v. Edwards*, 162 F.3d 87, 89 (3d Cir. 1998). *See also United States v. Johnson*, 145 F.Supp.3d 862, 866 (D.S.D. 2015), and cases cited therein. *Contra United States v. Newman*, 144 F.3d 531, 540 (7th Cir. 1998) (finding restitution under the MVRA to be non-punitive and, therefore, not punishment within the meaning of the ex post facto clause). Additionally, several state courts that have considered the ex post facto clause implications of their respective criminal restitution statutes have concluded that criminal restitution qualifies as punishment and, therefore, application of those statutes to crimes committed before their enactment violates the ex post facto clause.[3]

The State argues that the application of Section 559.105 to Bellamy does not violate the ex post facto clause because the statute "does not relate to a term of imprisonment or a penalty," citing *State ex rel. Webster v. Myers*, 779 S.W.2d 286 (Mo.

App. 1989). In *Myers*, we evaluated the validity of retroactively applying a civil restitution statute[4] and found that the statute was "remedial as it relates to restitution." *Id.* at 290. The State contends this finding establishes that restitution is remedial in nature and, therefore, does not constitute punishment for ex post facto clause purposes. We disagree.

Contrary to the State's contention, *Myers* does not preclude a finding that restitution *under Section 559.105* qualifies as a punishment within the meaning of the ex post facto clause. *See United States v. Williams*, 128 F.3d 1239, 1241 (8th Cir. 1997) (noting that restitution under the Child Support Recovery Act of 1992 did not qualify as punishment within the meaning of the ex post facto clause but finding that restitution under the MVRA did constitute punishment). Moreover, the issue in *Myers* was whether the retroactive application of a restitution statute violated the *retrospective clause* of the Missouri Constitution, rather than the ex post facto clause—a distinction that is legally significant.[5] In *State v. Honeycutt*, 421 S.W.3d 410, 423-25 (Mo. banc 2013), the Supreme Court held that the retrospective clause of article I, section 13 of the Missouri Constitution applies only to civil laws and does not apply to criminal laws. "[I]f a criminal law is at issue, then article I, section 13's prohibition against ex post facto laws is applicable." *Id.* at 424. Given that Section 559.105 is a criminal law located in the criminal code,[6] the State's reli-

---

**3.** *See, e.g., Ortiz v. State*, 173 P.3d 430 (Alaska App. 2007); *Eichelberger v. State*, 323 Ark. 551, 916 S.W.2d 109 (Ark. 1996); *State v. Corwin*, 616 N.W.2d 600 (Iowa 2000); *State v. Duran*, 224 Neb. 774, 401 N.W.2d 482 (Neb. 1987); *State v. French*, 400 N.W.2d 111 (Minn. App. 1987); *Spielman v. State*, 298 Md. 602, 471 A.2d 730 (Md. 1984).

**4.** Specifically, Section 407.100.4 of the Merchandising Practices Act.

**5.** Article 1, section 13 of the Missouri Constitution provides, "That no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities can be enacted."

**6.** Section 556.011 states that Chapters 556 to 580 constitute "The Revised Criminal Code."

ance on *Myers* is misplaced.[7]

Turning now to our analysis of Section 559.105's application to crimes occurring before its enactment, we look to the text of Section 559.105 to determine whether a criminal restitution order as prescribed therein constitutes punishment within the meaning of the ex post facto clause. While we agree with the State that one purpose of Section 559.105 is to provide a remedy to victims who have been harmed by a defendant's criminal act, we find that several provisions of Section 559.105 demonstrate the penal nature of criminal restitution orders. First, when a court orders a defendant to pay restitution, the defendant may not be released from probation until payment of the restitution is complete. § 559.105.2. Second, any defendant eligible for parole "shall be required, as a condition of parole, to make restitution pursuant to this section." § 559.105.3. Indeed, the board of probation and parole is prohibited from releasing "any person from any term of parole for such offense until the person has completed such restitution, or until the maximum term of parole for such offense has been served." § 559.105.3. Third, upon conditional release or parole, any restitution left unpaid may be collected by the prosecuting attorney as a condition of conditional release or parole under Section 559.100.[8] § 559.105.4. Lastly, "[t]he prose-

cuting attorney ... may refer any failure to make such restitution as a condition of conditional release or parole to the parole board for enforcement." *Id.*

These provisions clearly demonstrate the punitive purpose of restitution orders under Section 559.105.[9] The order to pay $100,000 in restitution constituted an additional punishment, as Bellamy may not be released from a term of parole until he has completed such payment or until he has served the maximum term of parole for his crimes, and his parole may be revoked for his failure to pay the restitution. Accordingly, we conclude that the court's ordering Bellamy to pay restitution pursuant to Section 559.105, in addition to serving a prison term, increased the punishment for his crimes beyond what it was when he committed them. Thus, Section 559.105 is an ex post facto law as applied to Bellamy, and the sentencing court exceeded its authority by ordering him to pay restitution. The motion court clearly erred in denying this claim. Point I is granted.[10]

## CONCLUSION

The motion court's judgment upholding the sentencing court's entry of a restitution order is reversed. Pursuant to Rule 84.14, the judgment is modified to strike the order that Bellamy pay restitution of

---

7. The State's reliance on *Files v. Wetterau, Inc.*, 998 S.W.2d 95 (Mo. App. 1999), which addressed whether the retroactive application of an amended workers' compensation statute allowing for the reactivation of settled claims violated article 1, section 13 of the Missouri Constitution, is similarly misplaced.

8. Section 559.100.2 also provides, in relevant part, that probation or parole may be revoked for failure to pay restitution.

9. It is also worth noting that restitution in this case was ordered *at the time of criminal sen-*

*tencing*, rather than in a separate proceeding as is the case in some states. Moreover, Section 559.105 appears in Title XXXVIII of the Revised Statutes of Missouri, titled "Crimes and *Punishment*; Peace Officers and Public Defenders." (Emphasis added.)

10. In his brief and during oral argument, Bellamy stated that, if we were to grant him relief on Point I, he desired to withdraw Points II, III, and IV. Hence, we need not address his remaining points.

$100,000. The judgment is affirmed in all other respects.

All Concur.