STATE ex rel. Earl Wayne
MORTON, Relator,

v.

Honorable John L. ANDERSON, Judge, Circuit Court, Jefferson County, Respondent.

No. 73071.

Supreme Court of Missouri,
En Banc.

March 5, 1991.

Alan G. Kimbrell, St. Louis, for relator.

Steven W. Jerrell, Hillsboro, for respondent.

RENDLEN, Judge

On March 23, 1987, a felony complaint asserting four counts of passing bad checks was filed against Earl Wayne Morton (relator) and Malcolm Flinn. On July

14 of the following year, an amended complaint was filed adding a fifth count and a preliminary hearing was begun; however, that proceeding was continued to August 16. On November 17, 1989, a third complaint was filed adding two more counts.[1] The preliminary hearing was concluded on March 27, 1990, and relator was bound over on all counts and Flinn pled guilty to four counts. An information was filed on March 28, 1990, charging relator with seven counts of passing bad checks on November 20, 1986, in contravention of § 570.120.1, RSMo 1986. Because the amounts of each check exceeded $150, the offenses under § 570.120.6(1) are punishable as class D felonies.

Relator moved to dismiss, asserting the bar of the statute of limitations, § 556.036.2(1), which provides that prosecutions for class D felonies must be commenced within three years. The trial court denied the motion and the Court of Appeals, Eastern District, denied relator's petition for writ of prohibition. Assuming jurisdiction pursuant to Mo. Const. art. V, § 4, we issued a preliminary rule in prohibition which is now made absolute.

Section 556.036.2 plainly provides that prosecutions for class D felonies must be *"commenced"* within three years, and subsection 5 specifically states "[a] prosecution is *commenced* either when an indictment is found or an information filed (emphasis added)." The alleged offenses occurred November 20, 1986, but the information was not filed until March 28, 1990, well beyond the three-year limitations period. Respondent, however, contends that because the original complaint was filed on March 23, 1987, the action was commenced at that time and the statute tolled by operation of § 556.036.6(3), which suspends the period of limitation "[d]uring any time

when a *prosecution* against the accused for the offense is *pending* in this state (emphasis added)."

Our cases have held that a prosecution commences for purposes of the statute of limitations when an information is filed or an indictment returned, and not when the complaint is filed. *State v. Haverstick*, 326 S.W.2d 92, 98–99 (Mo.1959); *State v. Bithorn*, 278 S.W. 685, 686 (Mo.1925); *State v. McNeal*, 304 Mo. 119, 262 S.W. 1025, 1027 (1924); *State v. Criddle*, 302 Mo. 634, 259 S.W. 429, 430 (1924). *See also State ex rel. Woods v. Ratliff*, 322 S.W.2d 864 (Mo. banc 1959) (for purposes of taking depositions, "a criminal case is not instituted or pending until an information is filed or an indictment returned").

Though these cases are not of recent vintage, they are consistent with the current procedure in felony cases. "Felony *proceedings* may be *initiated by complaint* filed in any court having original jurisdiction to try misdemeanors, *or by indictment.*" Rule 22.01 (emphasis added). Though the complaint may *initiate* felony *proceedings,* it is merely a prelude to felony *prosecution,* for in felony cases the complaint serves as a precursor to the preliminary hearing required by § 544.250. Only after a preliminary hearing, in which the magistrate finds probable cause to believe the prisoner is guilty, may an information be filed in a felony case. *State ex rel. Buresh v. Adams,* 468 S.W.2d 18, 21 (Mo. banc 1971). This stands in marked contrast to proceedings in misdemeanor cases, where no preliminary hearing is required by § 544.250.[2]

An information instigates a *prosecution* against an alleged felon, and the mere filing of a complaint does not confer jurisdiction upon a court to adjudicate the offense. *State ex rel. Martin v. Berrey,* 560 S.W.2d

---

1. No copies of these complaints have been provided for our examination.

2. In misdemeanor cases, the requirements for the form of the complaint, Rule 21.04, mirror those for complaints in felony cases, Rule 22.02, and the court must find probable cause that a misdemeanor has been committed, Rule 21.05, but no hearing is required by § 544.250. The prosecuting attorney may then file an information. Rule 21.05.

Respondent would have us hold that the revision of the rules of court in 1979, and particularly the addition of Rule 22.01, mandate a different procedure, as Rule 22.01 states "[f]elony proceedings may be initiated by complaint ... or by indictment." The new rules are consistent with the old. Rule 22.01 does *not* provide that felony proceedings may be initiated by *information,* but by complaint or indictment. This gap reflects an awareness of § 556.036, which provides that the prosecution *commences*

54, 57 (Mo.App.1977). The jurisdiction of the circuit court to try a defendant for a felony "comes originally from the formal accusation by indictment or information," and does not derive from the adjudication of the magistrate at the preliminary hearing. *State v. Clark*, 546 S.W.2d 455, 462 (Mo.App.1976). Accordingly, a myriad of cases hold that a valid information or indictment is a prerequisite to the jurisdiction of the circuit court. *E.g., State v. McQueen*, 282 S.W.2d 539, 540 (Mo.1955); *State v. Owens*, 740 S.W.2d 269, 270 (Mo. App.1987); *State v. Lulkowski*, 721 S.W.2d 35, 38 (Mo.App.1986). Therefore it cannot be said that the filing of the complaint tolls the statute; the *prosecution* is "pending" within the meaning of § 556.036, subsection 6, and the statute is thus tolled, only when the indictment has been found or information filed and the prosecution has thus been "commenced" pursuant to § 556.036, subsection 5.

Because the information was not filed within three years of the date of the offenses, the prosecution is barred by the statute of limitations. § 556.036.2. "The statute of limitations in a criminal case is not merely a statute of repose but creates a bar to prosecution that deprives the court of jurisdiction," *State v. McKinney*, 768 S.W.2d 178, 180 (Mo.App.1989), hence prohibition is an appropriate remedy.

The preliminary rule in prohibition is made absolute.

BLACKMAR, C.J., ROBERTSON, HIGGINS, COVINGTON and HOLSTEIN, JJ., and CRIST, Special Judge, concur.

BILLINGS, J., not sitting.

with the information or indictment. No separate rule mirroring Rule 22.01 was promulgated for misdemeanors; rather, Rule 21.01 provides "[a]ll misdemeanors shall be *prosecuted* by indictment or information." Though former Rule 21.01 was more explicit in stating that:

All felonies and misdemeanors shall be prosecuted by indictment or information. The court in which the *prosecution* shall be first

*commenced* by the filing of the indictment or information ... shall retain *jurisdiction,* the same principles apply today. The current procedural scheme meets the requirements of Mo. Const. Article I, § 17, which mandates that "no person shall be *prosecuted* criminally for felony or misdemeanor otherwise than by indictment or information (emphasis added)."