STATE of Missouri, Appellant,

v.

Grant L. MIXON, Respondent.

State of Missouri, Appellant,

v.

Jeffrey D. Anderson, Respondent.

Nos. SC 92230, SC 92450.

Supreme Court of Missouri,
En Banc.

Nov. 13, 2012.

Rehearing Denied Dec. 18, 2012.

Evan J. Buchheim, attorney general's office, Jefferson City, T. Todd Myers, Greene County prosecuting attorney's office, Springfield, for the State in SC92230.

Evan J. Buchheim, attorney general's office, Jefferson City, J. Daniel Patterson, Greene County, Springfield, for the State in SC92450.

Rosalynn Koch, public defender's office, Columbia, Bryan M. Delleville, public defender's office, Springfield, for Mixon.

Alexa I. Pearson, public defender's office, Columbia, Shawn R. Markin, public defender's office, Springfield, for Anderson.

ZEL M. FISCHER, Judge.

The State of Missouri appeals two judgments declaring § 556.036[1] unconstitutional and dismissing, with prejudice, the criminal charges against Grant Mixon and Jeffrey Anderson. The judgments of the circuit court declared § 556.036 to be in violation of article I, section 17, of the Missouri Constitution. These cases involve the validity of a state statute, and this Court has exclusive appellate jurisdiction under Mo. Const. article V, section 3. The judgments are reversed, and the cases are remanded.

## Procedural Histories

The procedural histories of both cases are nearly identical.

### State v. Mixon

On January 25, 2011, the State filed a felony complaint, along with a probable cause statement, alleging Mixon committed the felony of receiving stolen property stemming from events occurring May 2, 2008. The complaint was filed prior to the running of the applicable statute of limitations, § 556.036.2(1). On December 12, 2011, the circuit court dismissed the case with prejudice, declaring § 556.036.5 unconstitutional in that it violated article I, section 17, of the Missouri Constitution, stating:

> [U]nder the structure of our criminal procedure as set out within our supreme court rules [ ] the filing of a complaint to initiate proceedings does not commence prosecution in the manner required by the constitution.

The case was dismissed prior to a preliminary hearing or the filing of an information by the State.

### State v. Anderson

On February 25, 2011, the State filed a felony complaint, together with a probable cause statement, alleging Anderson committed the class C felonies of burglary and stealing stemming from events occurring on or about March 12, 2008. The complaint was filed prior to the running of the applicable statute of limitations, § 556.036.2(1). On May 6, 2011, following the waiver of a preliminary hearing, the State filed a felony information charging Anderson with one count of second-degree burglary and one count of stealing more than $500. On February 27, 2012, based

---

1. All statutory references are to RSMo Supp. 2011 unless otherwise indicated.

on a motion to dismiss that alleged § 556.036.5 was unconstitutional, the circuit court dismissed the case with prejudice.

## Standard of Review

 "This Court reviews a constitutional challenge to a statute *de novo.*" *Kan. City Premier Apartments, Inc. v. Mo. Real Estate Comm'n,* 344 S.W.3d 160, 167 (Mo. banc 2011). "A statute is presumed valid and will not be held unconstitutional unless it clearly contravenes a constitutional provision. The person challenging the statute's validity bears the burden of proving the act clearly and undoubtedly violates the constitution." *Id.* "If a statutory provision can be interpreted in two ways, one constitutional and the other not constitutional, the constitutional construction shall be adopted." *State v. Vaughn,* 366 S.W.3d 513, 517 (Mo. banc 2012); *Murrell v. State,* 215 S.W.3d 96, 102 (Mo. banc 2007).

## Analysis

The circuit court declared § 556.036.5 unconstitutional for conflicting with article I, section 17, prohibiting felony prosecutions "otherwise than by indictment or information" because the circuit court determined it allows for prosecution of a felony by complaint.

Article I, section 17, reads:

That no person shall be prosecuted criminally for felony or misdemeanor otherwise than by indictment or information, which shall be concurrent remedies, but this shall not be applied to cases arising in the land or naval forces or in the militia when in actual service in time of war or public danger, nor to prevent arrests and preliminary examination in any criminal case.

Section 556.036.2 provides that prosecutions for felony offenses, with certain exceptions, "must be commenced within" three years. "Time starts to run [for the period of limitations] on the day after the offense is committed." Section 556.036.4. Section 556.036.5, at issue here, states: "A prosecution is commenced for a misdemeanor or infraction when the information is filed and for a felony when the complaint or indictment is filed." Section 556.036.6 tolls the statute of limitations "[d]uring any time when a prosecution against the accused for the offense is pending in this state[.]" The plain language of these statutes provides that the statute of limitations is tolled for a felony when a complaint is filed.

Previously, section 556.036.5, RSMo 2000, had provided, in pertinent part: "A prosecution is commenced either when an indictment is found or an information filed." In 2006, the General Assembly amended § 556.036.5 to read: "A prosecution is commenced for a misdemeanor or infraction when the information is filed and for a felony when the complaint or indictment is filed." Section 556.036.5, RSMo Supp.2006; *see* H.B. 1857, 93rd Gen. Assemb., 2d Reg. Sess. (Mo.2006). Rule 22.01 states that "[f]elony proceedings may be initiated by complaint or by indictment." A felony complaint must meet the requirements set out in Rule 22.02[2] and be

---

**2.** Rule 22.02 states:

A complaint must be in writing and shall:
(a) State the name of the court;
(b) State the name of the defendant or, if not known, designate the defendant by any name or description by which the defendant can be identified with reasonable certainty;
(c) State the facts constituting the felony;
(d) State the date and place of the felony as definitely as can be done;

supported by a statement of probable cause as set out in Rule 22.03.[3] Neither Mixon nor Anderson challenges that these pleading requirements were met.

Once a felony complaint is filed, "a preliminary hearing shall be held [or waived] within a reasonable time." Rule 22.09(a).[4] Missouri's rules provide for a probable cause hearing after the filing of a felony complaint, upon which a judge must find probable cause to believe a felony has been committed and that the defendant committed it. Rule 22.09. Rule 23.03 states: "An information charging a felony shall be filed not later than ten days after the date of the order requiring the defendant to answer to the charge. The court having jurisdiction of the offense may extend the time for good cause shown."

▆▆▆ Article I, section 17, of the Missouri Constitution details *how* a criminal

defendant shall be prosecuted for a felony—by information or indictment. Nothing in article I, section 17, of the Missouri Constitution provides the time frame *when* that prosecution begins. The length and duration of the statutes of limitation for felony prosecutions are purely policy decisions falling squarely within the province of the General Assembly. *See Dorris v. State*, 360 S.W.3d 260, 269 (Mo. banc 2012). "[A] statute of limitations is a legislative declaration of public policy not only to encourage our citizens to seasonably file and to vigilantly prosecute their claims for relief, but also to require them to do so or, otherwise, find their claims proscribed by law." *Id.* "Statutes of limitation tend to promote the 'peace and welfare of society, safeguard against fraud and oppression and compel the settlement of claims within a reasonable period after their origin while the evidence remains fresh in the memory

---

(e) Be supported by a statement of probable cause as prescribed by Rule 22.03; and

(f) Be signed by the prosecuting attorney on information and belief that the offense was committed.

**3.** Rule 22.03 states:

A statement of probable cause must be in writing and shall:

(a) State the name of the accused or, if not known, designate the accused by any name or description by which the accused can be identified with reasonable certainty;

(b) State the date and place of the crime as definitely as can be done;

(c) State the facts that support a finding of probable cause to believe a crime was committed and that the accused committed it;

(d) State the facts contained therein are true; and

(e) Be signed and on a form bearing notice that false statements made therein are punishable by law.

**4.** Rule 22.09 states:

**(a) Preliminary Hearing.** After the filing of a felony complaint, a preliminary hearing shall be held within a reasonable time.

At the preliminary hearing the defendant shall not be called upon to plead.

If the defendant waives preliminary hearing, the judge shall order the defendant to appear to answer to the charge.

**(b) Conduct of Hearing and Finding by Judge.** If the defendant does not waive preliminary hearing, the hearing shall be held. The defendant may cross-examine witnesses and may introduce evidence.

If the judge finds probable cause to believe that a felony has been committed and that the defendant has committed it, the judge shall order the defendant to appear and answer to the charge; otherwise, the judge shall discharge the defendant.

**(c) Defendant to Appear in Court to Answer the Charge.** If the defendant is held to answer to the charge, the judge shall order the defendant to appear in the appropriate division on a day certain as soon as practicable, but not more than 40 days after completion of the preliminary hearing.

Within five days after concluding the proceedings, the judge shall cause all papers in the proceeding and any bail posted by the defendant to be transmitted to that division.

of the witnesses.'" *Id.* "A statute of limitation provides the defendant a right to know that no claim will be filed against him after a certain time." *Id.* at 270.

The Missouri Constitution is silent as to whether a statute of limitations is necessary for criminal cases. In fact, there are no statutes of limitation for "[a] prosecution for murder, forcible rape, attempted forcible rape, forcible sodomy, attempted forcible sodomy, or any class A felony. . . ." Section 556.036.1.

█ The legislature, in 2006, amended the time for which a felony case must be initiated for purposes of satisfying the statute of limitations from the filing of the indictment or information to the filing of a felony complaint. This amendment to the statute of limitation does not conflict with the article I, section 17, requirement that an indictment or information must be filed in every criminal prosecution involving a felony. In other words, nothing in the language of § 556.036.5 purports to allow a valid criminal prosecution for a felony without the filing of an information or indictment. The statute of limitations addresses the policy consideration of when, and article I, section 17, addresses the constitutional consideration of how the State must proceed in criminal cases.

Mixon and Anderson mistakenly rely on this Court's opinion in *State ex rel. Morton v. Anderson,* 804 S.W.2d 25, 27 (Mo. banc 1991), for the proposition that a prosecution commences "only when the indictment has been found or information filed. . . ." In *State ex rel. Morton,* the State filed a felony complaint against the defendant within the applicable limitations period but failed to file the information until after the limitations period expired. *Id.* at 25–26. However, *State ex rel. Morton,* did not involve a challenge to the constitutional validity of § 556.036.5 and, furthermore, dealt with a previous version of that statute of limitations, which specifically required that "[a] prosecution is commenced either when an indictment is found or an information filed." *See id.* at 25–27; § 556.036.5, RSMo 1986. The Court in *State ex rel. Morton* determined the State had failed to follow the explicit requirements of the prior version of the statute. As previously set out, the statute since has been amended by the General Assembly to provide specifically for tolling of the statute of limitations upon the filing of a felony complaint.

### Conclusion

Mixon and Anderson have failed to demonstrate that § 556.036.5 "clearly and undoubtedly" violates article I, section 17, of the Missouri Constitution. The judgments are reversed, and the cases are remanded.

TEITELMAN, C.J., RUSSELL, BRECKENRIDGE, STITH and DRAPER, JJ., concur.