STATE of Missouri, Appellant,

v.

Arthel Ford HARRIS, Respondent.

No. SC 93170.

Supreme Court of Missouri,
En Banc.

Oct. 1, 2013.

Rehearing Denied Dec. 24, 2013.

Daniel N. McPherson, Attorney General's Office, Jefferson City, for Appellant.

Jerry Miller, Special Public Defender, Belleville, Ill., for Respondent.

ZEL M. FISCHER, Judge.

This appeal concerns an ex post facto challenge under the Missouri Constitution to Missouri's "felon-in-possession statute," § 571.070 [1], which prohibits persons convicted of certain felonies from possessing firearms. The State appeals the circuit court's judgment quashing the indictment and dismissing the case against Arthel Ford Harris with prejudice on the ground that § 571.070 is an ex post facto law as applied to him in violation of the Missouri Constitution. Section 571.070 is not an ex post facto law because it does not apply to conduct completed before its enactment. The circuit court's judgment is reversed, and the case is remanded.

### Factual Background

The police arrested Harris for knowingly, unlawfully possessing a .38 caliber revolver in violation of § 571.070 in 2011. Harris had pleaded guilty in 2001 to the class B felony of possession of a controlled substance with intent to distribute. Section 195.211. The current version of § 571.070 provides that a person commits "unlawful possession of a firearm," if he or she "knowingly has any firearm in his or her possession and . . . has been convicted of a felony."

Harris moved to quash or dismiss the indictment, arguing that § 571.070 is inconsistent with article I, section 13 of the Missouri Constitution as applied to him because it is an ex post facto law.[2] When Harris pleaded guilty to possession of a controlled substance with intent to distribute, § 571.070 only prohibited "possession of a concealable firearm" by a person pre-

---

1. All statutory citations are to RSMo Supp. 2012 unless otherwise indicated.

2. Harris also argued to the circuit court that § 571.070 is unconstitutional as applied to him because it is a law retrospective in its operation. The circuit court did not address the merits of this argument. It stated that Harris was "actually objecting that the statute constitutes an ex post facto law." This Court does not reach Harris' retrospective laws argument because the circuit court did not address it.

viously "convicted of a *dangerous* felony, as defined in section 556.061." Section 571.070, RSMo 2000 (emphasis added). Possession of a controlled substance with intent to distribute was a felony but was not considered a dangerous felony.[3] The General Assembly amended § 571.070 in 2008 to criminalize knowing possession of firearms by all felons—not just dangerous felons. 2008 Mo. Legis. Serv. 65, H.B. 2034. Harris convinced the circuit court that application of the 2008 amendment to him violated the ex post facto clause of article I, section 13 of the Missouri Constitution.

The circuit court dismissed the case with prejudice. The circuit court stated that the current version of § 571.070 is an ex post facto law as applied to Harris because it makes his initial offense of possession of a controlled substance with intent to distribute "more burdensome" after he committed that offense. The State appealed to the court of appeals, which transferred the case to this Court pursuant to article V, sections 3 and 11 of the Missouri Constitution. This Court has exclusive appellate jurisdiction because the case involves the validity of a statute. Mo. Const. art. V, § 3.

## Standard of Review

■ Review of a constitutional challenge to a statute is *de novo.* *State v. Mixon,* 391 S.W.3d 881, 883 (Mo. banc 2012). "A statute is presumed valid and will not be held unconstitutional unless it clearly contravenes a constitutional provision. The person challenging the statute's validity bears the burden of proving the

act clearly and undoubtedly violates the constitution." *Id.*

## Analysis

Article I, section 13 of the Missouri Constitution states that "no ex post facto law ... can be enacted." The only issue on appeal is whether the circuit court erred in holding that the felon-in-possession statute, § 571.070, is an ex post facto law under article I, section 13.

■ The Missouri Constitution's ban on ex post facto laws is coextensive with the United States Constitution's ban on ex post facto laws. *Doe v. Phillips,* 194 S.W.3d 833, 841–42 (Mo. banc 2006); *see* U.S. Const. art. I, § 9, cl. 3; § 10, cl. 1 (stating that "[n]o ... ex post facto Law shall be passed" by Congress and that "[n]o State shall ... pass any ... ex post facto Law"). Although interpretations of the two federal provisions are not binding on this Court's interpretation of the Missouri provision, they are "strongly persuasive." *Phillips,* 194 S.W.3d at 841–42; *see also State ex rel. Jackson v. Dolan,* 398 S.W.3d 472, 478 (Mo. banc 2013) (interpreting the Missouri takings clause to match the nearly identical federal takings clause). Harris argues that this Court should interpret the Missouri provision more broadly than the nearly identical federal provisions but gives no reason, based on the Missouri provision's text or history, that its framers intended a different interpretation; therefore, this Court construes the Missouri ban on ex post facto laws in lockstep with the federal ban. *See Phillips,* 194 S.W.3d at 841–42.

■ An ex post facto law is a law that "provides for punishment for an act that

---

3. Section 556.061.8, which defines the term "dangerous felony," has never included the crime of possession of a controlled substance with intent to distribute. In 2001, § 556.061 provided that dangerous felonies included

only first-degree arson, first-degree assault, forcible rape, forcible sodomy, kidnapping, second-degree murder, and first-degree robbery. 1999 Mo. Legis. Serv. 228, H.B. 165.

was not punishable when it was committed or that imposes an additional punishment to that in effect at the time the act was committed." *R.W. v. Sanders,* 168 S.W.3d 65, 68 (Mo. banc 2005). A two-part test applies to Harris' ex post facto challenge. The statute is an ex post facto law if: (1) it applies to conduct completed before the statute's enactment, and (2) it increases the penalty for the crime beyond what the law provided when he acted. *See Johnson v. United States,* 529 U.S. 694, 699, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000); *Lynce v. Mathis,* 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997). "One of the principal aims of the Ex Post Facto clause is to ensure that individuals have fair notice of what conduct is criminally proscribed." *United States v. Brady,* 26 F.3d 282, 290–91 (2d Cir.1994); *see Lynce,* 519 U.S. at 441, 117 S.Ct. 891 (stating that fair notice is a "central concern" of the ex post facto clause).

Federal courts agree that the federal statute prohibiting persons with prior convictions from possessing firearms is not an ex post facto law. *See United States v. Pfeifer,* 371 F.3d 430, 436–37 (8th Cir.2004) (holding that an amendment to the federal felon-in-possession statute, which bans firearm possession by persons who were convicted of misdemeanor domestic violence prior to the amendment, is not an ex post facto law). *Accord United States v. Denis,* 297 F.3d 25, 32 (1st Cir.2002); *United States v. Mitchell,* 209 F.3d 319, 322–23 (4th Cir.2000); *United States v. Boyd,* 52 F.Supp.2d 1233, 1236–37 (D.Kan. 1999); *United States v. Meade,* 986 F.Supp. 66, 69 (D.Mass.1997). *See also United States v. Hemmings,* 258 F.3d 587, 594 (7th Cir.2001) (holding that the original federal felon-in-possession statute is not an ex post facto law as applied to those convicted of felonies before the statute's enactment); *Brady,* 26 F.3d at 291.

■■■ The federal statute prohibiting firearm possession by those with prior convictions is not an ex post facto law because it does not punish conduct that occurred before the enactment of the statute. *Pfeifer,* 371 F.3d at 436–37. It punishes the defendant's *possession* of a firearm, which is conduct that occurs after the enactment of the statute at the time of arrest, not the past conduct that led to the defendant's initial conviction. *Id.* A law is not deemed an ex post facto law "simply because it draws upon antecedent facts for its operation." *Id.* (quoting *Cox v. Hart,* 260 U.S. 427, 435, 43 S.Ct. 154, 67 L.Ed. 332 (1922)) (internal quotation marks omitted). It is irrelevant that the offense supporting the underlying conviction occurred before the legislature enacted the statute banning possession of firearms. *Id.*

■■■ The circuit court erred by holding that § 571.070 is an ex post facto law as applied to Harris, because it does not apply to conduct completed before its enactment. The statute does not punish Harris' past conduct or increase the punishment for his past offense. *See R.W.,* 168 S.W.3d at 68. The parties do not dispute that § 571.070 is a criminal law that punishes the possession of firearms. But it imposes a punishment for conduct that occurred after the enactment of the statute and its 2008 amendment, not for the prior conduct associated with Harris' drug conviction. Harris did not complete the crime defined in § 571.070 until he possessed a revolver in 2011. The statute punishes him for that act; it does not punish him for possessing a controlled substance with intent to distribute or for pleading guilty to that crime in 2001. *See State v. Williams,* 700 S.W.2d 451, 455–56 (Mo. banc 1985) (holding that Missouri's persistent offender statute, which imposes greater criminal sentences for persons with prior offenses, is not an ex post facto law because it

punishes the defendant for the offense committed after enactment of the statute, not the prior offense) (citing *State v. Acton*, 665 S.W.2d 618 (Mo. banc 1984)). By considering his convicted felon status an element of the crime, § 571.070 merely draws upon the antecedent fact of Harris' prior conviction in imposing punishment for new conduct. This does not render it an ex post facto law. *See Pfeifer*, 371 F.3d at 436.

Harris had fair notice as of 2008 that the General Assembly had deemed his possession of firearms a criminal act. He cannot now avoid the consequences of violating § 571.070 by claiming that it is an ex post facto law. *See Lynce*, 519 U.S. at 441, 117 S.Ct. 891; *Acton*, 665 S.W.2d at 620.

### Conclusion

For the foregoing reasons, the circuit court's judgment quashing the indictment and dismissing the case with prejudice is reversed, and the case is remanded.

All concur.