

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| MARY L. BROWNING, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **WD85859** |
| | ) | |
| STATE OF MISSOURI, | ) | **Filed: March 5, 2024** |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF DAVIESS COUNTY**
**THE HONORABLE RYAN W. HORSMAN, JUDGE**

**BEFORE DIVISION THREE**: **LISA WHITE HARDWICK, PRESIDING JUDGE,**
**KAREN KING MITCHELL, JUDGE, AND CYNTHIA L. MARTIN, JUDGE**

Mary Browning appeals from the judgment denying her Rule 24.035 motion after she pleaded guilty to two counts of stealing and two counts of forgery. She contends the motion court clearly erred in denying her claim that plea counsel was ineffective for failing to advise her that she had a viable defense to the class C felony of stealing. For reasons explained herein, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

In December 2017, the City of Coffey requested that the Missouri State Auditor's Office ("SAO") investigate discrepancies within the City's financial accounts. The

SAO's report found that between September 2015 and August 2017, Browning, in her official capacity as the City Clerk of the City of Coffey, forged the City of Coffey Board Minutes, appropriated excess payroll funds, and misappropriated $33,000[1] in utility payments meant to be credited to the utility accounts of the City's residents. The State charged Browning as a prior and persistent offender with the class D felony of stealing (Count I), the class C felony of stealing (Count II), and two counts of the class D felony of forgery (Counts III and IV).

In November 2020, Browning entered a guilty plea pursuant to a plea agreement. The agreement stipulated that in exchange for Browning's guilty plea, the State would withdraw the prior and persistent offender allegations, recommend a total sentence of 15 years in prison, and would not object to Browning arguing for any disposition within that cap. Browning also agreed to restitution of approximately $55,000, with the exact amount to be determined in the Sentencing Assessment Report.

During the guilty plea hearing, the State informed Browning that the range of punishment for Counts I, III, and IV was up to seven years in the Department of Corrections, up to one year in the regional jail, a fine of up to $10,000, or any combination of fine and incarceration; and the range of punishment for Count II was three to ten years in the Department of Corrections, a fine of up to $10,000, or any combination of the fine and incarceration up to those maximums. The court restated the ranges of punishment, and Browning affirmed that she understood and still wished to

---

[1] The SAO's report showed a total of $33,984.03 in misappropriated funds between 2015 and 2017.

plead guilty. Browning asserted that she was entering the plea freely, voluntarily, and with understanding of her rights. She stated that she understood the charges, plea counsel had answered all her questions regarding the charges, and she had no further questions. Browning affirmed that she reviewed the guilty plea petition and waiver of rights with plea counsel, plea counsel handled her case in a thorough and competent manner, and she had no complaints. The court accepted Browning's guilty plea.

In February 2021, the court sentenced Browning to five years in prison on Count I, to run concurrently with five-year prison sentences on Counts III and IV, and consecutively with a ten-year prison sentence on Count II. During the sentencing hearing, the court questioned Browning about counsel's representation and found no probable cause to believe that she received ineffective assistance of counsel. Following a subsequent restitution hearing, the court ordered that Browning pay restitution of $60,249.

Browning filed a *pro se* Rule 24.035 motion, which was later amended by appointed counsel. In her amended motion, Browning claimed her guilty plea was entered unknowingly and involuntarily due to plea counsel's failure to advise her that she could successfully seek dismissal of Count II based on the Missouri Supreme Court's decision in *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016). An evidentiary hearing was held, during which Browning and plea counsel consistently testified that plea counsel did not believe there were any strong defenses to the charges against her, counsel never informed her of the *Bazell* defense to lower the class of felony stealing, and accordingly,

3

counsel advised her to plead guilty. Browning testified that she would not have pleaded guilty if counsel had advised her she had a meritorious defense.

Following the evidentiary hearing, the motion court entered its findings of fact and conclusions of law denying Browning's Rule 24.035 motion. In the judgment, the court found that *Bazell* presents no defense to Browning's case because Section 570.030.11[2] specifically permits amounts stolen "pursuant to one scheme or course of conduct" to be aggregated for determining which class of offense the stealing may be charged. The court concluded that Browning's individual occasions of theft between September 2015 and August 2017 were properly aggregated pursuant to the statute. Finding that plea counsel's performance was not deficient and that Browning suffered no prejudice, the court denied the claim. Browning appeals.

## STANDARD OF REVIEW

We review the denial of a post-conviction motion for clear error. Rule 24.035(k). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves us with a definite and firm impression that a mistake was made. *Dobbins v. State*, 187 S.W.3d 865, 866 (Mo. banc 2006). We defer to the motion court's determination of the witnesses' credibility. *Cooper v. State*, 621 S.W.3d 624, 630 (Mo. App. 2021). We will affirm the motion court's judgment if it is sustainable on any legal ground supported by the record. *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013).

---

[2] All statutory references are to the Revised Statutes of Missouri 2016, as updated by the 2020 Cumulative Supplement, unless otherwise indicated.

To be entitled to post-conviction relief for ineffective assistance of counsel, Browning had to establish that plea counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under the same or similar circumstances and that she was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "After a plea of guilty, the issue of ineffective assistance of counsel is only relevant to the extent that it affected the voluntariness of the guilty plea." *Hernandez v. State*, 588 S.W.3d 467, 471 (Mo. App. 2019). "The prejudice prong is met if the movant shows that but for counsel's ineffective assistance, he or she would . . . not have pleaded guilty but would have instead insisted on going to trial." *Id*. Browning had to prove both the performance and prejudice prongs of this test to prevail, and if she failed to satisfy either prong, we need not consider the other. *Cone v. State*, 316 S.W.3d 412, 415 (Mo. App. 2010).

To satisfy the performance prong of the *Strickland* test, Browning had to demonstrate that plea counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under the same or similar circumstances. *Strickland*, 466 U.S. at 687. This standard is intentionally vague and "highly deferential" to counsel. *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. Browning "must overcome the strong presumption that [plea] counsel's conduct was reasonable and effective." *Hosier v. State*, 593 S.W.3d 75, 81 (Mo. banc 2019) (citation omitted). "Reasonable choices of trial strategy, no matter how ill-fated they appear in

hindsight, cannot serve as a basis for a claim of ineffective assistance." *Id*. (citation omitted).

ANALYSIS

In her sole point on appeal, Browning contends the motion court clearly erred in denying her claim that plea counsel was ineffective for failing to assert a *Bazell* defense to stealing $33,000 in utility payments in Count II, because any monies appropriated prior to the January 1, 2017 amendment to the stealing statute could not be used to enhance her conviction from a class D felony to a class C felony. Browning argues that, if plea counsel had informed her there might be a meritorious defense to any of the charges, she would not have pleaded guilty.

Browning's crimes occurred between September 2015 and August 2017. During that time, the Supreme Court issued *Bazell*, 497 S.W.3d 263, which interpreted the felony enhancement provision of Section 570.030. In *Bazell*, the defendant was charged with class C felonies under Section 570.031.1, RSMo Supp. 2009, for stealing firearms. *Id.* at 266. At that time, stealing was defined as "appropriat[ing] property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion[.]" § 570.030.1, RSMo Supp. 2009. The enhancement provision stated that "[n]otwithstanding any other provision of law, any offense in which the value of property or services is an element is a class C felony," if certain conditions were met. § 570.030.3, RSMo Supp. 2009. Interpreting this language, the Court in *Bazell* found that "the felony enhancement provision, by its own terms, only applies if the offense is one in which the value of the property or services is an element.*"* 497 S.W.3d

6

at 266 (internal quotation marks omitted) (citing § 570.030.3, RSMo Supp. 2009).  The Court held that the defendant's two felony convictions for stolen firearms must be classified as misdemeanors because the value of property or services was not an element for which Section 570.030.3, RSMo Supp. 2009, could be used to enhance the offenses. *Id.* at 267.

Significantly, effective January 1, 2017, the legislature subsequently amended Section 570.030 to make the offense of stealing a class C felony when the value of property stolen is $25,000 or more.  § 570.030.4.  The amendment also made stealing a class D felony if the value of property stolen is $750 or more.  § 570.030.5.

The record shows Browning was charged under the amended version of Section 570.030.  Browning asserts that, under the post-*Bazell* statute, Count II could only be charged as a class D felony because the amounts she appropriated after January 2017 totaled approximately $11,800.  She argues that aggregating the monies taken in 2015 and 2016 with those taken after January 1, 2017, the effective date of the amended statute, would violate the ex post facto clauses of the United States and Missouri Constitutions.

When a statute increases the punishment for a crime after it has been committed and before the defendant has been sentenced, it raises ex post facto concerns.  Ex post facto laws are prohibited under both the United States and Missouri Constitutions.  U.S. CONST. Art. I, § 9, Cl. 3, and Art. I, § 10 Cl. 1; MO. CONST. Art. I, § 13.  "An ex post facto law is a law that provides for punishment for an act that was not punishable when it was committed or that imposes an additional punishment to that in effect at the time the

7

act was committed." *State v. Harris*, 414 S.W.3d 447, 449-50 (Mo. banc 2013) (citation omitted). The amended version of Section 570.030 is an ex post facto law as applied to Browning if: "(1) it applies to conduct completed before the statute's enactment, and (2) it increases the penalty for the crime beyond what the law provided when [s]he acted." *Id.* at 450.

Because Browning's crimes were not completed before the effective date of the amended statute, charging Browning under the amended statute does not violate the ex post facto clause. The record shows the factual basis for the charge was Browning's conduct of stealing utility payments over a course of years. The amended version of the stealing statute was applied to conduct that Browning continued until August 2017, eight months after the amended statute's effective date. Browning had fair notice that the legislature deemed stealing amounts valued at more than $25,000 to be a felonious act. She "cannot now avoid the consequences of violating [the amended statute] by claiming that it is an ex post facto law." *State v. Harris*, 414 S.W.3d 447, 451 (Mo. banc 2013).

Accordingly, aggregating the amounts Browning stole between 2015 and 2017 was not improper under the amended statute. The amended stealing statute provides that "[t]he value of property or services appropriated pursuant to one scheme or course of conduct, whether from the same or several owners and whether at the same or different times, constitutes a single criminal episode and may be aggregated in determining the grade of the offense[.]" § 570.030.11. The motion court properly found that Browning's individual occasions of theft between 2015 and 2017 constituted a "single criminal

8

episode" permitting the aggregation of amounts stolen pursuant to the amended stealing statute.

Because the record indicates the amounts stolen were properly aggregated, plea counsel's decision to forgo a *Bazell* defense to Count II was reasonable trial strategy. During the evidentiary hearing, plea counsel testified that the SAO report was the primary evidence against Browning and the one defense he considered pursuing was convincing the fact finder that someone other than Browning had access to the funds. Plea counsel further testified that accepting the plea offer was a better avenue than going to trial because he believed the odds of succeeding with such a defense was low. While plea counsel was familiar with *Bazell* and its holding, he testified that he did not believe a *Bazell* defense applied to Count II in Browning's case. "[W]e will not convict [plea] counsel of being deficient for failing to do a futile act." *Edgar v. State*, 145 S.W.3d 458, 461 (Mo. App. 2004). The motion court correctly found that *Bazell* presents no valid defense to Count II, and any attempt to assert such a defense would have been unavailing. Accordingly, the motion court did not err in finding that counsel's performance was not deficient for failing to advise Browning that she ought to assert a *Bazell* defense.[3]

---

[3] Browning's reliance on *Barber v. State,* 609 S.W.3d 795 (Mo. App. 2020), to support her contention that plea counsel's failure to advise a defendant of a potential defense amounts to deficient performance is misplaced. In *Barber*, counsel failed to advise the defendant of a viable statute of limitations defense to a stealing charge during plea negotiations because counsel misunderstood recent case law developments and their application to his client's case. *Id.* In Browning's case, plea counsel testified that he did not believe the defense applied to Count II and the record establishes that plea counsel's decision to forego a futile defense was reasonable.

Browning also is not entitled to relief on her post-conviction claim because there was no showing of prejudice. The motion court found that even if *Bazell* applied to Browning's case, her plea was knowing and voluntary given the weight of the evidence, the number of charges, and the State's plea recommendation. The record shows Browning was originally charged as a prior and persistent offender, which would have enhanced the punishment for her four class D felonies to class C felonies. As a result, the motion court found that Browning would have faced the prospect of forty years imprisonment, and there was no reasonable probability that she would have chosen to forego the plea offer for a 15-year maximum sentence. The court found that any testimony to the contrary lacked credibility, and we must defer to the motion court's determination. *Symington v. State*, 638 S.W.3d 596, 599 (Mo. App. 2021). The motion court properly found that Browning failed to show she was prejudiced by counsel's performance. Accordingly, we find no error in the denial of Browning's Rule 24.035 motion. Point denied.

## CONCLUSION

The judgment is affirmed.

_____
LISA WHITE HARDWICK, JUDGE

All Concur.

10