

# MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| KEITH ROY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD86716 |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | Filed: October 29, 2024 |
| | ) | |
| Respondent. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
## THE HONORABLE CHRISTOPHER K. LIMBAUGH, JUDGE

## BEFORE DIVISION ONE: LISA WHITE HARDWICK, PRESIDING JUDGE, CYNTHIA L. MARTIN, JUDGE, AND JANET SUTTON, JUDGE

Keith Roy appeals the circuit court's judgment granting the Department of Corrections' ("Department") motion for judgment on the pleadings on Roy's petition for declaratory judgment. Roy had asked the court to declare that the 1994 version of Section 558.019.5, RSMo, which gave the Missouri Board of Probation and Parole ("Board") the authority to convert consecutive sentences to concurrent sentences in certain circumstances, applied to him because that was the version of the statute in effect at the time he committed his crimes. He contends the Department's application of the current version of the statute, which was amended in 2005 to remove the Board's

authority to convert sentences, violates the federal and state constitutional prohibition against ex post facto laws because it eliminated his substantive right to obtain an earlier release on parole. For reasons explained herein, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

Following a robbery and assault in October 1995 on four individuals, one of whom died, Roy was charged with second-degree murder, first-degree robbery, three counts of first-degree assault, and five counts of armed criminal action. Roy pled guilty to two counts of first-degree assault and two associated counts of armed criminal action and was found guilty after a bench trial of second-degree murder, two counts of assault, and three counts of armed criminal action. In December 1997, the court sentenced Roy to two concurrent life sentences for the second-degree murder and associated armed criminal action convictions, plus 15 years for one of his assault convictions, to be served consecutively.

Section 558.019 sets out the minimum prison terms felony offenders must serve before they become eligible for parole or other early release. § Section 558.019.5.[1] Because Roy was convicted of the dangerous felonies of second-degree murder and first-degree assault, he must serve 85% of the sentences imposed, or 38.25 years, before he will be eligible for parole. § 558.019.3.

---

[1] All statutory references are to the Revised Statutes of Missouri 2016, as updated by the 2023 Cumulative Supplement, unless otherwise indicated.

When Roy committed his offenses, Section 558.019.5, RSMo 1994, provided an exception to the minimum prison term for felony offenders. The exception, in the italicized language, read:

> 5. For purposes of this section, the term **"minimum prison term"** shall mean time required to be served by the defendant before he or she is eligible for parole, conditional release or other early release by the department of corrections. *Except that the board of probation and parole, in the case of consecutive sentences imposed at the same time pursuant to a course of conduct constituting a common scheme or plan, shall be authorized to convert consecutive sentences to concurrent sentences, when the board finds, after hearing with notice to the prosecuting or circuit attorney, that the sum of the terms results in an unreasonably excessive total term, taking into consideration all factors related to the crime or crimes committed and the sentences received by others similarly situated.*

§ 558.019.5, RSMo 1994 (emphasis added). In 2005, the General Assembly amended Section 558.019.5 to repeal the exception, removing the italicized language. § 558.019.5, RSMo Cum. Supp. 2005. The amended Section 558.019.5 retained the requirement that an offender serve the minimum prison term before becoming eligible for parole. § 558.019.5.

Roy asked the Department to modify his parole date based on the 1994 version of Section 558.019.5, because it was the version of the statute in effect at the time he committed his offenses. The Department sent a letter to Roy in which it declined to modify his parole date and informed him he would be eligible for parole in February 2034. The Department further explained to Roy, "Although the Board previously had the authority, the Board does not make a practice of collapsing consecutive sentence structures when given a legal sentence by the Court. Therefore, there will be no change in your current hearing."

3

In December 2022, Roy filed a petition for declaratory judgment seeking a declaration that the 1994 version of Section 558.019.5 continues to apply to him. He alleged the application of the post-2005 version violates the United States and Missouri Constitutions' prohibition against ex post facto laws. After the Department filed an answer and both parties filed motions for judgment on the pleadings, the court granted the Department's motion and entered judgment in favor of the Department. Roy appeals.

## STANDARD OF REVIEW

We review the circuit court's ruling on a motion for a judgment on the pleadings *de novo*. *Woods v. Mo. Dep't of Corrs.*, 595 S.W.3d 504, 505 (Mo. banc 2020). "A motion for judgment on the pleadings should be sustained if, from the face of the pleadings, the moving party is entitled to judgment as a matter of law." *Id*. (citation omitted).

## ANALYSIS

In his sole point on appeal, Roy contends the circuit court erred in granting the Department's motion for judgment on the pleadings. He argues that, by eliminating the Board's authority to convert consecutive sentences to concurrent, the 2005 amendment to Section 558.019.5 eliminated his substantive right to obtain an earlier release on parole. Roy insists that, if he had been able to request that the Board convert his sentences under the 1994 version of Section 558.019.5, he could have been eligible for parole after serving 25.5 years instead of 38.25 years. Because the application of the amended statute deprives him of the opportunity to have his minimum prison term reduced, Roy asserts it

4

violates the United States and Missouri Constitutions' prohibition against ex post facto laws.

"An ex post facto law is a law that 'provides for punishment for an act that was not punishable when it was committed or that imposes an additional punishment to that in effect at the time the act was committed.'" *State v. Harris*, 414 S.W.3d 447, 449-50 (Mo. banc 2013) (citation omitted). The 2005 amendment to Section 558.019.5 did not create a new crime or redefine a crime; therefore, the only issue is whether the amendment imposed an additional punishment on Roy that was not in effect when he committed his crimes in 1995.

Roy argues the exception contained in the 1994 version of Section 558.019.5 "served as a safety valve to allow the Board to reduce unduly harsh consecutive sentences where a prisoner has been sufficiently rehabilitated to deserve a second chance in life" and now, after the 2005 amendment, "no such statutory authority exists for the Board to intervene in a case like this one." Roy argues the amendment's removal of the Board's authority to convert his sentences from consecutive to concurrent operates to make his punishment more onerous than it would have been under the 1994 version of Section 558.019.5.

To decide whether an amendment violates the prohibition against ex post facto laws, "we must determine whether it produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." *California Dep't of Corrs. v. Morales*, 514 U.S. 499, 509 (1995). An amendment that "creates only the most speculative and attenuated possibility of producing the prohibited effect" of increasing an inmate's term

5

of imprisonment is insufficient to constitute an ex post facto violation. *Id.*; *State ex rel. Cavallaro v. Groose*, 908 S.W.2d 133, 136 (Mo. banc 1995).

In this case, any risk that the legislature's removal of the Board's authority to convert consecutive sentences to concurrent increased Roy's term of imprisonment is speculative and attenuated. The 1994 version of Section 558.019.5 did not require the Board to convert, *or even consider converting*, consecutive sentences to concurrent sentences in all cases in which consecutive sentences were imposed. Likewise, the prior version of the statute did not require that the Board hold a hearing in all cases in which offenders requested to have their consecutive sentences converted. Indeed, the prior version provided no mechanism for offenders to challenge the Board's decision not to exercise the authority granted to it in the exception. Lastly, while Roy argues in his brief on appeal that the exception in the 1994 statute was "tailor made" for the circumstances of his case, he failed to allege any facts to support this claim in his petition. Roy's claim that the 2005 amendment eliminated his substantive right to obtain an earlier release on parole is purely conjectural and, therefore, insufficient to establish a violation of the prohibition against ex post facto laws. *Morales*, 514 U.S. at 509. The circuit court did not err in granting the Department's motion for judgment on the pleadings. Point denied.

## CONCLUSION

The judgment is affirmed.

LISA WHITE HARDWICK, JUDGE

All Concur

6